F I L E D
CLERK OF COURT
2025 DEC -9 PM 4: 17
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0038-20 |
| v. | **DECISION AND ORDER** |
| VAGHN JAMAL BAMBA, | |
| Defendant. | |

## INTRODUCTION

This order resolves one issue: whether Defendant Vaghn Jamal Bamba's ("Defendant") probation should be revoked. At the September 4, 2025 revocation hearing, Defendant appeared with Assistant Public Defender William Benjamin Jones; the People of Guam ("People") were represented by Attorney General Douglas B.K. Moylan. After considering the parties' arguments, the evidence, and Guam law, the Court denies the People's request to revoke probation.

## BACKGROUND

The Defendant pled guilty on January 24, 2023, to Theft of Property (3rd Degree Felony) and Aggravated Assault (3rd Degree Felony), both as lesser-included offenses. *See* Judgment (Sept. 13, 2023). The Court suspended the three-year prison terms on each count and placed him on five years of supervised probation with conditions requiring him to: obey all local and federal laws; avoid all contact with victims Joreen Mendiola and Scott Topasna; report to

probation as directed; undergo assessment and follow treatment at Guam Behavioral Health and Client Services; and comply with all counseling, drug, and alcohol-treatment recommendations. Despite those conditions, Bamba was arrested and charged on July 28, 2023, in CF0494-23 with two counts of Burglary of a Motor Vehicle (2nd Degree Felony), Theft of Property (3rd Degree Felony), and Theft of Property (Misdemeanor). He was indicted on August 3, 2023, and has remained in custody in that case since July 27, 2023.

## DISCUSSION

In reaching its decision the Court will first begin by setting forth the statutory framework that governs probation revocation and the controlling guidance from the Guam Supreme Court. The Court then turns to the factual record to determine whether the Defendant has violated the conditions of his probation and whether the procedural requirements attendant to revocation has been satisfied. Lastly, the Court considers whether, revocation of probation is warranted to best serve the ends of justice and the interests of the community.

I.      **Revocation is unwarranted because this is Defendant's first violation in a five-year probationary term.**

The People rely on Defendant's pending felony and misdemeanor charges in CF0494-23 as proof that he violated the condition requiring him to obey all laws. The Court does not ignore the seriousness of the pending allegations. But probation revocation is discretionary remedy, not an automatic one—especially when the violation is the first in an otherwise ongoing, multi-year probation term.

The Defendant has been on probation since January 2023 with no prior violations, and the probation office confirms this July 2023 incident is his first formal violation report. That matters. Guam courts have consistently emphasized that, after determining a violation occurred,

the court must next assess whether probation should be revoked because the beneficial aspects of probation are no longer being served. *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27.

Nothing in this record suggests that a single violation—occurring early in a five-year term—establishes that probation is incapable of serving its intended purpose. Defendant has been continuously detained in CF0494-23 since July 27, 2023, and there is no evidence of continued misconduct or refusal to comply with conditions during his time in custody.

This first violation does not, standing alone, compel revocation.

II. **Revocation does not satisfy the ends of justice because Defendant has completed several conditions and remains capable of completing the rest before probation expires in 2028.**

Even when a violation is established, revocation is proper only if it "best satisfies the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). The record does not support such a finding here.

Defendant has completed significant conditions—including counseling and educational requirements—and probation has already yielded measurable rehabilitative progress. The remaining obligations, while substantial, are still achievable given that his probation does not expire until January 23, 2028—more than two years away. The probation office notes that Defendant: completed individual counseling; obtained his high school diploma; remains scheduled for follow-up services with New Beginnings; has not had the opportunity to participate in community service or restitution payments due to his custody status.

Revoking probation now would prematurely eliminate the rehabilitative opportunities that remain available and undermine the statutory preference for structured, supervised reintegration over incarceration. Continued probation better aligns with the statute's dual focus on public safety and rehabilitation.

Given Defendant's demonstrated progress, ongoing capacity for compliance, and substantial time left to complete all remaining requirements, revocation would not best serve the ends of justice.

## CONCLUSION

For the foregoing reasons the People's Motion to Revoke Probation is therefore DENIED.

**IT IS SO ORDERED** ___DEC 0 9 2025___ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, PDSC_

_12/09/25_     _4:26pm_
Date     Time
_Albert Caldu_
Deputy Clerk, Superior Court of Guam